IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 MAY -9 PM 2: 26

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT
W.D. OF TN.-JACKSON

JOHNNY MARVIN HENNING, )
)
    Petitioner, )
)
VS. )   No. 05-1022-T/An
)
TONY PARKER, )
)
    Respondent. )

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

Petitioner Johnny Marvin Henning, Tennessee Department of Correction prisoner number 119491, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on January 27, 2005. On April 18, 2005, pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court ordered respondent Tony Parker to file a response to the petition. On May 5, 2005, plaintiff filed a motion for appointment of counsel.

It is well settled that the constitutional right to counsel found in the Sixth Amendment does not apply to habeas corpus proceedings, which are civil in nature. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003).

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/10/05

9

Instead, 28 U.S.C. § 2254(h) provides that the appointment of counsel is governed by 18 U.S.C. § 3006A:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who —
>
>    . . . .
>    (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

§ 3006A(a)(2)(B).

If the district court determines that an evidentiary hearing is necessary, the interests of justice always require the appointment of counsel: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . ." Rule 8(c), Rules Governing § 2254 Cases. If, however, an evidentiary hearing is not required, the decision as to whether the interests of justice warrant the appointment of counsel remains within the discretion of the district court. Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

In determining whether the "interests of justice" warrant the appointment of counsel, the Court must first look to the merits of petitioner's claims. If the claims are without merit, the court need not appoint counsel. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.), *cert. denied*, 513 U.S. 857 (1994). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

2

Where the issues can be resolved on the basis of the state court record alone, court-appointed counsel is not warranted. Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

A review of the record as it currently stands reveals that the interests of justice do not require the appointment of counsel to represent petitioner at this time. Even if the Court were to deem petitioner's claims nonfrivolous, the appointment of counsel would not significantly benefit the petitioner and the Court. The petition indicates that the claims in this case may, in fact, be time-barred, which is an issue that will be resolved on the state court record alone. Even if the claims are timely, the Fourth Amendment issues raised are not complex, and petitioner appears well able to present his case.

Accordingly, the motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

6 May 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 1:05-CV-01022 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Johnny Marvin Henning
119491
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT