IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNY MARVIN HENNING, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 05-1022-T/An |
| | ◊ | |
| TONY PARKER, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Johnny Marvin Henning, Tennessee Department of Correction prisoner number 119491, who is currently an inmate at the Charles Bass Correctional Complex Annex in Nashville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on January 27, 2005, along with three separate *in forma pauperis* motions. The Court issued an order on April 18, 2005 granting leave to proceed *in forma pauperis* and directing the respondent to file a response.[1] On May 16, 2005, respondent filed a motion to dismiss the petition as time barred, accompanied by a supporting memorandum.[2] On June 1, 2005, petitioner filed a motion seeking thirty days in which to file a brief

---

[1] Petitioner filed a motion seeking appointment of counsel on May 5, 2005. The Court denied that motion on May 9, 2005.

[2] On May 13, 2005, respondent filed a motion asking the Court to accept his late-filed response, which the Court granted. On June 1, 2006, petitioner filed an objection to the acceptance of the late-filed motion, which is DENIED. Reasonable extensions of time are routinely granted in the course of litigation, and the Court is not authorized to grant a writ of habeas corpus on the ground that the response to the petition was not filed within 23 days.

and pleading in response to the motion to dismiss. The Court granted that motion on June 9, 2005. However, due to an error by the Clerk in processing the petitioner's change of address, he did not receive timely notice of that order. On July 28, 2005, petitioner filed a motion, accompanied by two affidavits, seeking additional time to respond to the motion to dismiss. The Court issued an order on July 29, 2005 granting the petitioner an additional twenty days to respond to the motion to dismiss. On August 1, 2005, petitioner filed a document, entitled "Statement of Ineffective Assistance of Counsel," complaining about the representation afforded by his trial counsel and by the attorney who handled his direct appeal. Petitioner did not file any response addressing the timeliness of this petition, and the time set for a response has expired.

I.     STATE COURT PROCEDURAL HISTORY

On an unspecified date in 1995, Henning was convicted in the Madison County Circuit Court of unlawful possession of cocaine with the intent to deliver, a Class B felony, and possession of drug paraphernalia, a misdemeanor. The trial court sentenced Henning to concurrent sentences of twelve years for the drug possession charge and eleven months, twenty-nine days for the drug paraphernalia charge. The Tennessee Court of Criminal Appeals affirmed Henning's conviction but remanded the case for a new sentencing hearing because of a conflict between the bench ruling and the judgment as to whether Henning was to be treated as a Range I or a Range II offender. State v. Henning, No. 02C01-9504-CC-00115, 1997 WL 7007 (Tenn. Crim. App. Jan. 9, 1997). The Tennessee Supreme Court granted permission to appeal and, thereafter, affirmed the decision of the Tennessee Court of Criminal Appeals. State v. Henning, 975 S.W.2d 290 (Tenn. 1998). On remand, the trial court issued amended judgments, which were filed on August 12, 1998, sentencing Henning to eight years as a Range I standard offender on the drug possession charge and to a concurrent term of eleven

months, twenty-nine days for the drug paraphernalia charge.

Henning filed a *pro se* petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, in the Lake County Circuit Court on June 10, 2003. The trial court denied habeas corpus relief on June 23, 2003. A petition for rehearing was filed on July 7, 2003 and denied on July 23, 2003. The Tennessee Court of Criminal Appeals affirmed. Henning v. State, No. W2003-01975-CCA-R3-HC, 2004 WL 221302 (Tenn. Crim. App. Jan. 30, 2004), *perm. app. denied* (Tenn. June 1, 2004).[3]

## II.    PETITIONER'S FEDERAL HABEAS CLAIMS

In this petition, Henning asserts that his conviction was the result of an illegal search, in violation of the Fourth Amendment. In his August 1, 2005 filing, which the Court construes as an amendment to the petition, the petitioner asserted that his trial counsel, and the attorney who handled his direct appeal, afforded ineffective assistance of counsel, in violation of the Sixth Amendment.

## III.   ANALYSIS OF THE MERITS

The first issue to be addressed is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Henning asserts that he submitted a petition for a writ of certiorari to the United States Supreme Court on September 21, 2004 but it was returned without filing because it was untimely.

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Application of these provisions is relatively straightforward. In this case, there are two alternative dates on which Henning's conviction could have become final. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). In this case, the Tennessee Supreme Court issued its decision on direct appeal on June 22, 1998, and the time for filing a petition for a writ of certiorari expired ninety days later, on September 21, 1998.[4] It is possible, therefore, that the limitations period began to run on September 21, 1998.

Alternatively, the new criminal judgments were entered on August 12, 1998. Henning did not take a direct appeal from those judgments, so his conviction became final no later than the expiration of the time for taking a direct appeal.[5] In Tennessee, with certain exceptions that are not applicable here, a notice of appeal must be filed within thirty days of the entry of judgment. Tenn.

---

[4] Because the ninetieth day fell on Sunday, September 20, 1998, Henning had until the next day to file a timely petition. Sup. Ct. R. 30.1.

[5] See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view").

R. App. P. 4(a). That period expired on September 11, 1998 and, under that scenario, the running of the limitations period commenced on that date.

Thus, the running of the limitations period commenced no later than September 21, 1998 and expired no later than September 21, 1999. Henning's petition was signed on January 21, 2005 and, even if it is deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988), Miller v. Collins, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002) and Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it is clearly time barred.[6]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[7]

---

[6] The filing of the state habeas petition in 2003 did not toll the running of the limitations period with respect to these convictions because, by that time, the limitations period had already expired. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Henning's petition reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

[7] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[8]

Henning has not satisfied his burden of demonstrating that equitable tolling would be appropriate in this case. Both the petition and the August 1, 2005 filing are devoid of any explanation for the dilatory filing and provide no basis for concluding that the delay was attributable to the State. For the reasons previously stated, Henning's apparent ignorance of the law provides no basis for tolling of the limitations period.

Accordingly, the Court GRANTS respondent's motion to dismiss the petition.

IV.   APPEAL ISSUES

---

[8] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

>   (1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>       (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>       (B)   the final order in a proceeding under section 2255.
>
>   (2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

>   [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of

7

> a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[9]

In this case, there can be no question that this petition is time barred and, therefore, any appeal by this petitioner on any of the issues raised in this petition does not deserve attention. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district

---

[9] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.[10]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE

---

[10] If plaintiff chooses to appeal, the actual notice of appeal must be filed in this Court; any motion to proceed on appeal *in forma pauperis* must then be filed in the Court of Appeals.